UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WAYNE SCHROEDER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:20-cv-00893 |
| | ) |
| **AT&T MOBILITY SERVICES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Wayne Schroeder is suing his employer, AT&T Mobility Services ("AT&T"), under the Americans with Disabilities Act ("ADA"). Mr. Schroeder claims AT&T failed to accommodate his mental health conditions by refusing to alter his job requirements and company vehicle to permit his service dog to work alongside him. AT&T argues the accommodations Mr. Schroeder proposed were unreasonable. Both parties moved for summary judgment. (Doc. Nos. 20, 21). The Court will deny each motion because genuine issues of material fact remain regarding the reasonableness of Mr. Schroeder's requested accommodations.

**I. BACKGROUND**

    A.    <u>Mr. Schroeder's Mental Health Conditions</u>

Mr. Schroeder is a military veteran and former Emergency Medical Technician ("EMT"). (Doc. No. 20-3 at 12, 27). He has combat experience and saw "death and all kinds of horrors" as an EMT. (Id. at 12). He suffers from anxiety, depression, and post-traumatic stress disorder ("PTSD"). (Id. at 11–12). The symptoms of these conditions, for Mr. Schroeder, include flashbacks, anxiety attacks, mood shifts, and negative thinking. (Id. at 12–13).

Mr. Schroeder has a German shepherd named Dakota. (Doc. No. 25-1 at 1). Dakota is a service dog who "can sense when Mr. Schroeder is entering a depressive state or suffering from an anxiety attack and will notify Mr. Schroeder of his change in condition." (Id.). Without Dakota's help, Mr. Schroeder is "more apt to keep going and try to work his way through a depressive episode or anxiety attack," rather than pausing what he is doing and "refocus[ing]" as is necessary. (Id. at 2). Dakota "also acts as a physical barrier when Mr. Schroeder is in a public space, keeping people from crowding or getting too close to him, which can trigger Mr. Schroeder's PTSD and anxiety." (Id. at 3).

B.      Mr. Schroeder's Employment and Accommodation Request

Mr. Schroeder is a senior specialist RAN engineer for AT&T. (Id.). He drives through states trying to detect electronic interference with AT&T's cell signal frequencies. (Id.). If he detects interference, he locates the property from which it is emitting and attempts to convince the property owner to shut down the source of the interference. (Id.; Doc. No. 20-3 at 33–34). Currently, Dakota does not accompany Mr. Schroeder while he is working. (See Doc. No. 25-1 at 4–8).

In 2019, Mr. Schroeder requested a variety of accommodations to permit Dakota to accompany him at work. (Id. at 4). He asked AT&T to switch out his company vehicle for one with enough space for Dakota. (Doc. No. 20-3 at 84). He also asked AT&T to make certain modifications to the car for Dakota, including "removal of the backseat, installation of a barrier to contain equipment, installation of a barrier to protect Dakota, installation of LED lighting, installation of a fan in Dakota's door to help cool him, window tinting and remote start to help cool or heat the vehicle, and placards to notify others that a service animal was in the truck." (Doc.

2

No. 25-1 at 4). He also requested "more overnight stays when he was on the road to cut down on travel stress on Dakota." (Id. at 5).

Brooke Cisneros, a human resources specialist for AT&T, received Mr. Schroeder's accommodation request. (Id.). Ms. Cisneros accepted that Mr. Schroeder was "a qualified individual with a disability." (Id. at 6). Ms. Cisneros spoke to Mr. Schroeder on the phone and communicated with him via email regarding his request. (Doc. No. 20-4 at 17). She also reviewed a PowerPoint presentation Mr. Schroeder prepared. (Id. at 22). However, she did not conduct a cost-analysis of Mr. Schroeder's requested accommodations and did not propose any alternative accommodations. (Id. at 25–26, 41). Ultimately, Ms. Cisneros rejected Mr. Schroeder's accommodation request. (Id. at 25).

C. Procedural History

Mr. Schroeder filed his ADA lawsuit on October 19, 2020. (Doc. No. 1). Both parties filed motions for summary judgment on August 30, 2021. (Doc. Nos. 20, 21). The motions have been fully briefed. (Doc. Nos. 25, 26, 27, 30).

II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where there is "evidence on which the jury could reasonably find for the [non-moving party]." Rodgers v. Banks, 344 F.3d 587, 595 (6th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

At the summary judgment stage, the moving party "has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." Banks, 344 F.3d at 595. If the moving party meets its

3

burden, "the nonmoving party, must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." Laster v. City of Kalamazoo, 746 F.3d 714, 726 (6th Cir. 2014).

When evaluating a summary judgment motion, the Court must view the record "in the light most favorable to the nonmoving party." Id. It must also accept the nonmoving party's evidence "as true," and "draw all reasonable inferences in [that party's] favor." Id. The Court "may not make credibility determinations nor weigh the evidence" in its analysis. Id.

**III. ANALYSIS**

    A. <u>The ADA Requires Employers to Engage in an "Interactive Process" With Disabled Employees and Make Reasonable Accommodations for Them.</u>

The ADA prohibits discrimination in employment "on the basis of disability." 42 U.S.C. § 12112. Discrimination includes "not making reasonable accommodations" for disabled individuals, unless the accommodations "would impose an undue hardship." Id. Employers must provide reasonable accommodations in a variety of areas, including "the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." See id.

If a disabled employee requests an accommodation, his employer must engage in an "interactive process" with him. Jakubowski v. Christ Hosp., Inc., 627 F.3d 195, 202 (6th Cir. 2010). "This process should identify the precise limitations resulting from the disability and potential reasonable accommodations that could overcome those limitations." Id. (quoting 29 C.F.R. § 1630.2). The "interactive process is mandatory, and both parties have a duty to participate in good faith." Kleiber v. Honda of Am. Mfg., Inc., 485 F.3d 862, 871 (6th Cir. 2007).

4

B.  Mr. Schroeder's ADA Claim Survives Summary Judgment Because Fact-Issues Remain Regarding Whether the Accommodations He Requested Were Reasonable.

"To prevail on a failure to accommodate claim, an employee must show: (1) that he is disabled; (2) that he is qualified for the job with or without reasonable accommodation; and (3) that he was denied a reasonable accommodation." Penny v. United Parcel Serv., 128 F.3d 408, 414 (6th Cir. 1997). AT&T contests only the third requirement, arguing no reasonable jury could find AT&T denied Mr. Schroeder a reasonable accommodation. (Doc. No. 20-1 at 11–12). AT&T's arguments fail.

*First*, AT&T argues that "[b]ecause Schroeder was able to perform his job duties without Dakota, his accommodation request was per se unreasonable." (Id. at 13). But accommodation requests are not automatically unreasonable merely because the plaintiff is physically capable of performing his job absent accommodation. Gleed v. AT&T Mobility Servs., LLC, 613 F. App'x 535, 538 (6th Cir. 2015) (rejecting defendant's argument "that if [plaintiff] was physically capable of doing his job—no matter the pain or risk to his health—then it had no obligation to provide him with any accommodation, reasonable or not"). Accommodations may be required to ensure a qualified employee can "work [his] shift without pain." Talley v. Fam. Dollar Stores of Ohio, Inc., 542 F.3d 1099, 1108 (6th Cir. 2008)[1]; see also Vande Zande v. State of Wis. Dep't of Admin., 44 F.3d 538, 546 (7th Cir. 1995) ("The duty of reasonable accommodation is satisfied when the employer does what is necessary to enable the disabled worker to work in reasonable comfort.").

---

[1] Black v. Wayne Center, which AT&T cites, appears to contradict Talley and Gleed by stating that "where plaintiff is able to perform the job without accommodation, plaintiff cannot demonstrate the objective reasonableness of any desired accommodation." 225 F.3d 658 (6th Cir. 2000). However, Black is unpublished and non-binding, whereas Talley is published and binding. See United States v. Sanford, 476 F.3d 391, 396 (6th Cir. 2007) ("[A]n unpublished decision . . . is not precedentially binding."); United States v. Roper, 266 F.3d 526, 530 (6th Cir. 2001) (noting "a prior published opinion of this court is binding"). Hence, the Court will follow Talley.

5

They may also be required to allow an employee to "enjoy equal benefits and privileges of employment as are enjoyed by . . . similarly situated employees without disabilities." 29 C.F.R. § 1630.2. The law contradicts AT&T's argument that Mr. Schroeder's accommodation requests were per se unreasonable.

*Second*, AT&T argues that even if Mr. Schroeder's requested accommodations were not per se barred, they were sufficiently unreasonable that summary judgment is appropriate. (Doc. No. 20-1 at 12). Whether an accommodation is reasonable is a "highly fact-specific" inquiry often best left for a jury. Anderson v. City of Blue Ash, 798 F.3d 338, 356 (6th Cir. 2015); see also Cassidy v. Detroit Edison Co., 138 F.3d 629, 634 (6th Cir. 1998) ("The reasonableness of an accommodation is a fact issue."); Meachem v. Memphis Light, Gas & Water Div., 119 F. Supp. 3d 807, 818 (W.D. Tenn. 2015) ("[W]hether Defendant's offering was a reasonable accommodation is clearly within the purview of the jury."); E.E.O.C. v. J. Disposition Corp., No. 1:10-CV-886, 2011 WL 5118735, at *4 (W.D. Mich. Oct. 27, 2011) ("Whether the accommodation proposed by [plaintiff] was objectively reasonable is a question of fact for a jury."). This case is no exception. Several questions of fact relevant to whether Mr. Schroeder's requested accommodations were reasonable remain unresolved. For instance, it is unclear how much Mr. Schroeder's accommodations would have cost AT&T, given that AT&T conducted no cost-analysis. (Doc. No. 20-4 at 25–26). Summary judgment is improper because the record does not establish whether Mr. Schroeder's requested accommodations were reasonable.

AT&T's argument that specific accommodations Mr. Schroeder requested were unsafe or illegal does not undermine this conclusion. (Doc. No. 20-1 at 14–17). Mr. Schroeder proposed many different accommodations, and even suggested backup accommodations AT&T could provide in the event his preferred accommodations proved infeasible. (Doc. No. 20-3 at 82–83).

6

Even if some of Mr. Schroeder's proposals were unrealistic, that would not mean all of them were unreasonable. And it would not eliminate AT&T's duty to work with Mr. Schroeder to narrow down his proposed accommodations to find ones that were practical. See Kleiber, 485 F.3d at 871 (employers must actively participate with employees in the "exploration of possible accommodations" under the ADA).

*Third*, AT&T argues Mr. Schroeder's requested accommodations were unreasonable because he sometimes mitigated his mental health issues by "listening to books on tape and talking on the phone to others" while driving.[2] (Doc. No. 20-1 at 18). However, Mr. Schroeder testified in his deposition that those coping mechanisms do not fully alleviate his symptoms. (See Doc. No. 20-3 at 21). And he said working with Dakota would help him deal with his symptoms when his coping mechanisms fall short. (Id.). Accepting Mr. Schroeder's statements "as true" as required, Laster, 746 F.3d at 726, the Court rejects AT&T's argument that Mr. Schroeder's coping mechanisms render his accommodation requests unreasonable.

*Fourth*, AT&T contends summary judgment is warranted because Mr. Schroeder's requested accommodations would impose an undue hardship. (Doc. No. 20-1 at 18). AT&T offers no independent argument for this claim, stating only that it "relies on the facts and authorities provided [in its brief]" for support. (Id.). But AT&T's brief does not address several factors courts must consider in undue hardship analyses. For instance, it sheds no light on AT&T's "overall financial resources" or the "number of its employees," which are relevant to whether AT&T could have accommodated Mr. Schroeder. Cleveland v. Fed. Express Corp., 83 F. App'x 74, 79 (6th

---

[2] AT&T characterizes those measures as "existing accommodations" and contends it "has the ultimate discretion to choose between effective accommodations." (Doc. No. 20-1 at 17 (citation and quotation omitted)). However, prima facie, an employee's coping mechanisms are not the same thing as an employer-provided accommodation.

7

Cir. 2003) (quoting 42 U.S.C. § 12111(10)(B)). Summary judgment is not warranted based on AT&T's unsupported claim that accommodating Mr. Schroeder would impose an undue hardship. See Hedrick v. W. Rsrv. Care Sys., 355 F.3d 444, 457 (6th Cir. 2004) ("An employer . . . has the burden of persuasion to show that an accommodation would impose an undue hardship.").

        C.      Mr. Schroeder Is Not Entitled to Summary Judgment Because a Dispute of Fact Remains Concerning AT&T's Participation in the Interactive Process.

Mr. Schroeder claims he is entitled to summary judgment because AT&T failed to sufficiently engage in the interactive process with him.[3] The Court disagrees. "The interactive process requires communication and good-faith exploration of possible accommodations." Talley, 542 F.3d at 1110 (citation and quotation omitted). AT&T certainly communicated with Mr. Schroeder regarding his proposed accommodations; Ms. Cisneros had at least 10 email exchanges and three phone calls with him to discuss them. (See Doc. No. 20-4 at 17). And Mr. Schroeder has not identified any evidence that AT&T interacted with him in bad faith. Although Mr. Schroeder contends AT&T should have proposed alternative accommodations during its discussions with him, an "employer is not required to propose a counter accommodation in order to participate in the interactive process in good faith." Jakubowski, 627 F.3d at 203. The Court rejects Mr. Schroeder's request for summary judgment because a reasonable jury could conclude that AT&T adequately participated in the interactive process with him.

---

[3] Mr. Schroeder also argues, briefly, that judgment as a matter of law is required because he "demonstrated that his requested accommodations could easily have been provided." (Doc. No. 21 at 12). However, as discussed, issues of fact remain regarding whether the accommodations Mr. Schroeder requested were reasonable. And Mr. Schroeder's argument that AT&T should have provided accommodations he did not propose (see id.) is unavailing. Jakubowski, 627 F.3d at 202 ("If a disabled employee requires an accommodation, the employee is saddled with the burden of proposing an accommodation.").

## IV. CONCLUSION

For the foregoing reasons, both parties' Motions for Summary Judgment (Doc. Nos. 20, 21) will be denied.

An appropriate order will enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE